IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 26–cv–01018–DDD–MDB

TERESA GENOVA, an individual,

Plaintiff,

v.

LOGIXHEALTH, INC., a Massachusetts corporation,

Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant's Motion to Set Aside Clerk's Entry of Default. (["Motion"], Doc. No. 13.) Plaintiff has responded in opposition (Doc. No. 14), to which Defendant has replied in support (Doc. No. 17). After reviewing the Motion, briefing, and applicable law, the Court **GRANTS** the Motion.

**BACKGROUND**

Plaintiff initiated this action March 12, 2026, asserting various claims for unpaid wages and violation of Colorado labor law connected with her employment with Defendant. (*See generally* Doc. No. 1.) Plaintiff served the Summons and Complaint on Defendant's registered agent in Colorado on March 16, 2026. (Doc. No. 5.) Defendant's deadline to answer the Complaint was April 6, 2026. (*See id.*) However, Defendant failed to timely answer and, at Plaintiff's request, the Clerk of Court entered default against Defendant on April 7, 2026. (Doc. Nos. 7–8.) On April 11, 2026, Plaintiff filed the pending Motion for Default Judgment. (Doc.

No. 9.) Counsel for Defendant eventually appeared in this action on May 8, 2026 (Doc. Nos. 11; 12), and filed the instant Motion on May 26, 2026. (Doc. No. 13.)

According to Defendant, its registered agent sent the service package to Defendant's corporate office in Bedford, Massachusetts. (Doc. No. 13 at 2.) A receptionist at the office signed for the envelope but failed to follow Defendant's standard procedure for escalating service documents and instead placed the envelope in the office of an employee who works primarily remotely. (*Id.*) Defendant says it first learned of the lawsuit on May 6, 2026, when "Plaintiff's counsel emailed [its] HR Department." (*Id.*) Defendant then retained outside counsel who quickly entered their appearance. (*Id.* at 2–3; *see* Doc. Nos. 11; 12.) According to Defendant, the Summons and Complaint were eventually found on May 11, 2026, unopened on the desk of the primarily remote employee. (*Id.* at 3.) Defendant says it has since changed its policy for handling legal documents. (*Id.*) Defendant asks the Court to vacate the entry of default arguing that good cause exists because its default was not willful or culpable, Plaintiff will not be prejudiced, and it has meritorious defenses. (*Id.* at 3–13.)

Plaintiff opposes the Motion. First, Plaintiff notes she had contact with Defendant outside the service of process, including a February 2026 email she characterizes as a wage demand, a March 2026 voicemail from her counsel, and an April 2026 email exchange with one of Defendant's employees. (Doc. No. 14 at 3–4.) Plaintiff argues that these contacts, combined with Defendant's negligent handling of the service documents, undercut Defendant's assertion of good cause to vacate the entry of default. (*Id.* at 4–9.) She also argues that Defendant lacks meritorious defenses. (*Id.* at 9–13.) Finally, Plaintiff argues that, should the Court grant Defendant's Motion, it should (1) award Plaintiff her fees and costs associated with the default,

(2) order Defendant to produce certain documents within 14 days of this order, and (3) order Defendant to post "such bond or security as the Court deems necessary to protect Plaintiff from further prejudice."[1] (*Id.* at 14–15.)

## LEGAL STANDARD

Courts "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (quoting *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992)). "A court need not consider all of the factors, and may consider other factors as well." *Guttman v. Silverberg*, 167 Fed. Appx. 1, 4 (10th Cir. 2005). The Court is guided by the Tenth Circuit's strong preference for deciding cases on the merits as opposed to default. *See In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991).

## ANALYSIS

Weighing the applicable factors and considering the "strong policies favor[ing] resolution of disputes on their merits" *id.* at 732, the Court determines the Entry of Default should be set aside. First, there is no indication that Defendant willfully avoided this suit. The Court does not condone Defendant's errors, but Defendant has offered a reasonable explanation for them. "[A]n unintentional or good faith mistake is not considered culpable conduct for the purposes of Rule 55(c)." *Crapnell v. Dillon Companies, Inc.*, 2015 WL 328524, at *5 (D. Colo. Jan. 23, 2015).

---

[1] Plaintiff also asks the Court to direct Defendant to file its answer within seven days of this order. (Doc. No. 14 at 14–15.) However, Defendant has already filed its answer. (*See* Doc. No. 18.)

And even if Plaintiff and her counsel had contact with certain employees, that alone is not evidence of willful avoidance. Moreover, once Defendant had definitive knowledge of this suit, it acted promptly and the Court appreciates Defendant's representation that it amended its policies to prevent future mishaps.

Second, the Court finds Plaintiff will suffer only minor prejudice if the entry of default is set aside. This case is still in its earliest stages and there is no indication that evidence has been lost, or that Plaintiff's ability to pursue her claims has been compromised. Moreover, to the extent Plaintiff claims prejudice due to the costs associated with delay and extra motion practice, those harms can be cured by an award of fees, as discussed *infra*. *See* Security*National Mortg. Co. v. Head*, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case" (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000))).

Finally, at this stage, the Court is satisfied that Defendant has meritorious defenses. Importantly, the meritorious defense requirement is a low bar. The Court asks only "whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). Defendant *does not* have to show a strong likelihood of success. *Head*, 2014 WL 4627483, at *3 ("A movant is not required to "demonstrate a likelihood of success on the merits." (quoting *Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1989))). Here, Defendant asserts that:

- Plaintiff was exempt under the COMPS Order's administrative exemption, 7 CCR § 1103-1:2.2.1;
- she did not work the overtime she claims;
- any nonpayment under the Wage Act was not willful; and

- the unsigned severance agreement did not present an unlawful restrictive covenant.

(Doc. No. 13 and 7–13.) Plaintiff's arguments to the contrary (*see* Doc. No. 14 at 9–13) go to whether these defenses will ultimately succeed but that question is for a later stage. This factor weighs in favor of setting aside the default.

Still, the Court may "impose conditions on the grant of a motion to set aside a default." *Head*, 2014 WL 4627483, at *4 (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2700 (2010)). Here, the Court will require Defendant to pay the reasonable attorney's fees and costs Plaintiff incurred in connection with her entry of default and default judgment motions, and responding to this Motion. Plaintiff may file a motion for these fees and costs within fourteen (14) days of this Order.[2]

## CONCLUSION

For the foregoing reasons it is

**ORDERED** that Defendant's Motion to Set Aside Clerk's Entry of Default (Doc. No. 13) is **GRANTED**. The Clerk of Court is directed to **VACATE** the Entry of Default (Doc. No. 8.) It is further

**ORDERED** that Plaintiff's Motion for Entry of Default Judgment (Doc. No. 9) is **DENIED as moot**. It is further

[2] The Court denies the rest of Plaintiff's requested conditions. (*See supra* at 2–3.) Discovery will proceed in the normal course under the Federal Rules of Civil Procedure and any scheduling order. *See* Fed. R. Civ. P. 26(d)(1). Finally, Plaintiff has not shown that a bond is needed: nothing suggests Defendant would be unable to satisfy a judgment, and the fee award addresses the prejudice Plaintiff has identified.

**ORDERED** that Plaintiff is granted leave to file a motion for fees and costs associated with her entry of default and default judgment motions, and responding to this Motion by **November 27, 2026**. It is further

**ORDERED** that the deadline to file a proposed scheduling order is **December 14, 2026.**

Dated this 12th day of November, 2026.

**BY THE COURT:**

Maritza Dominguez Braswell
United States Magistrate Judge